IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DANIEL J LEVITAN,

     Plaintiff,

v.                                 CASE NO. 4:12-cv-643-RH-GRJ

SECRETARY, FLORIDA DEPT.
OF CORRECTIONS, et al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, an inmate in the Florida Department of Corrections presently confined at Santa Rosa Correctional Institution, initiated this case by filing a complaint pursuant to 42 U.S.C § 1983.[1]  Docs. 1 & 2 (complaint and memorandum).  The complaint also incorporates a request for injunctive relief.  Plaintiff failed to either pay the filing fee or file a motion for leave to proceed as a pauper.  The case is before the Court for initial screening pursuant to 28 U.S.C § 1915A.

On December 20, 2012, the Court ordered Plaintiff to show cause on or before January 22, 2013, as to why this case should not be dismissed for abuse of the judicial process because Plaintiff failed to truthfully disclose all of his prior federal cases, as required on the complaint form.  Doc. 4.  As of the date of this Report and Recommendation, Plaintiff has failed to respond to the order to show cause.  Plaintiff filed a "motion for show cause for contempt of court" alleging that prison officials are

_____

[1]Plaintiff provided the Court with a mailing address on Greystone Lane in Pensacola, Florida.  The docket will be corrected to reflect his true address.

disrupting his access to court.  Doc. 6.

Plaintiff executed the civil rights complaint form under penalty of perjury.  Doc. 2 at 12.   Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding previous lawsuits.  *Id*. at 5.  Section IV. C. requires prisoners to disclose whether they have initiated actions in federal or state court "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)[.]"  Plaintiff checked "yes," and listed twelve cases filed in the District Court for the District of Columbia, the District of Columbia Circuit, the District Court for the Southern District of Florida, the Eleventh Circuit Court of Appeals, and the U.S. Supreme Court.  *Id*. at 4-5.

Section IV. D. of the complaint form requires prisoners to disclose whether they have "had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service," and if so to identify each case so dismissed.  Plaintiff checked yes and again and identified one case: *Levitan v. Reno*, "case no. unknown," filed in the District Court for the District of Columbia, and dismissed for lack of jurisdiction.  *Id*. at 5.

A review of the Court's PACER Case Locator reflects that Plaintiff has filed 17 prisoner civil rights cases in the federal district courts alone; it is therefore clear that he failed to identify all of these cases in the instant complaint.  Among other cases, Plaintiff has filed four cases in the Northern District of Florida in addition to the instant case.  One such case was dismissed for failure to state a claim upon which relief may be

granted and therefore counts as a "strike" for purposes of 28 U.S.C § 1915(g): *Levitan v. Ashcroft*, Case No. 3:04-cv-357-RV-EMT (1/7/05 Doc. 11).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits as clearly required on the Court's prisoner civil rights complaint form warrants dismissal of the complaint for abuse of the judicial process.  *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601 *4 (11th Cir. Feb. 10, 2011).[2]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit. The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits[.]"  *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir.1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c).  Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing

---

[2]Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

In this case, Plaintiff has failed to make any argument that his lack of candor should be excused.

Accordingly, it is respectfully **RECOMMENDED** that this case be **DISMISSED** for abuse of the judicial process. Such dismissal should be without prejudice to Plaintiff's right to refile his claims, but will operate as a "strike" pursuant to 28 U.S.C § 1915(g).

**IN CHAMBERS** this 25th day of January 2013.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.